ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| American Technical Services, Inc | )     ASBCA Nos. 63534, 63535 |
| | ) |
| Under Contract No. N00178-07-D-4948-L601 | ) |

APPEARANCE FOR THE APPELLANT:     Alen Petrossian
       President

APPEARANCES FOR THE GOVERNMENT:     Samuel W. Morris, Esq.
       DCMA Chief Trial Attorney
     Srikanti Schaffner, Esq.
       Trial Attorney
       Defense Contract Management Agency
       Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE ARNETT

American Technical Services Inc. (ATS) elected to pursue this appeal under the Board's Rule 12.2, Small Claims (Expedited) procedure. Accordingly, this decision shall have no precedential value, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside. *See* 41 U.S.C. § 7106(b)(4)-(5). The parties filed cross motions for summary judgment and the government filed motions to dismiss both appeals. The parties requested that the Board decide entitlement and quantum based upon the written record and confirmed that their respective positions are fully developed through the written record, motions, and responses filed with the Board. This decision addresses the merits of both appeals including the jurisdictional and substantive issues raised by the parties in their respective motions.

As to the government claim for $36,661.93 under ASBCA No. 63535, we dismiss the appeal as moot based upon the contracting officer's withdrawal of her final decision, the government's agreement to return the $36,661.93 that ATS paid in response to the claim, and the government's unopposed motion to dismiss.

As to ATS's claim for $12,728.68 under ASBCA No. 63534, we deny ATS's claim for additional fee of $2,702.99 because ATS already has been paid fixed fee greater than the total fixed fee established by contract. We deny, for lack of support, ATS's claimed costs of $10,025.69 for overhead and general and administrative (G&A) costs. The bases for this decision are set forth below.

This dispute arises over the final voucher submitted by ATS under its cost-plus fixed fee contract with the Naval Surface Warfare Center which was administered by the Defense Contract Management Agency (the government or DCMA) (*see generally*, R4, tab 2). The delivery order at issue was awarded in September 2011, and the bid schedule set forth fixed fee amounts totaling $521,669.57[1] (*id.* at 6[2]).

In October 2021, ATS submitted its final voucher requesting payment of $12,728.68 including $10,025.69 for overhead and G&A and $2,702.99 for "Fixed Fee Earned" (R4, tab 10 at 302-03). On April 28, 2022, DCMA rejected ATS's final voucher citing the amount of fixed fee (R4, tab 8 at 290-91).

The contract included a "Payment of Fee(s)" clause requiring payment of fixed fee equal to 8% of the allowable cost of each invoice submitted by the contractor. However, the clause also stated in pertinent part, "[t]otal fee(s) paid to the Contractor shall not exceed the fee amount(s) set forth in this contract." (R4, tab 2 at 8)

On October 4, 2022, ATS filed a claim seeking payment of its final voucher and acknowledgement that it was entitled to a total fixed fee of $571,093.46[3] which represented 8% of the allowable cost for all invoices (R4, tab 10 at 296-97). The voucher included a breakdown of the amount sought, reflected a total fixed fee of $571,093.46, and was attached to the claim (*id.* at 302-03).

DCMA determined that the contract capped the total fixed fee at $521,669.57 based upon the fixed fee amounts set forth in the bid schedule, concluded that ATS had been overpaid, and issued a final decision on December 3, 2022, asserting a claim against ATS to recover $36,661.93 for overpayment of fixed fee (R4, tab 12 at 356, 367-68). Focused on asserting the government's claim, the final decision did not expressly deny ATS's claim or address the portion of the final voucher seeking payment for overhead and G&A costs (s*ee generally*, R4, tab 12).

---

[1] The bid schedule stated fixed fee amounts of $172,695.74 for Contract Line Item (CLIN) 4000, $173,808.46 for CLIN 4100, and $175,165.37 for CLIN 4200 (R4, tab 2 at 6).

[2] Documents in the the Rule 4 file are numbered using a letter prefix and leading zeros. For ease, we have dropped the prefix and leading zeros in this decision.

[3] ATS did not seek payment of an additional $571,093.46. Rather, ATS had been paid fees of $568,390.47 and merely sought an additional fee of $2,702.99 (R4, tab 10 at 303).

On February 9, 2023, ATS paid $36,661.93 to the government in response to the December 3, 2022 final decision (gov't mot. at 4).[4] No release, settlement agreement, or modification was executed in connection with the payment. On February 13, 2023, ATS appealed the final decision which the Board docketed as two appeals. ASBCA No. 63534 is an appeal of the denial of ATS's claim seeking payment of the $12,728.68 voucher and recognition of its entitlement to a total fee of $571,093.46. ASBCA No. 63535 is an appeal of the government's claim to recover fee overpayment in the amount of $36,661.93.

In a letter dated March 30, 2023, the contracting officer withdrew "in its entirety" the December 3, 2022 final decision stating, "ATS is released of the Government's claim for $36,661.93" (app. mot. at ex. 2). Since neither the contracting officer's decision nor the letter withdrawing the decision directly address ATS's claim, we find the government's withdrawal of its final decision applies only to the government's claim.

Subsequently, DCMA represented that it intends to return the $36,661.93 to ATS and notified ATS that it may bill the Defense Finance and Accounting Service directly for the $36,661.93 (gov't reply at 2, n.1).[5]

ATS filed a motion for summary judgment asserting that DCMA's withdrawal of its final decision was a concession that ATS's claim has merit. DCMA filed a cross motion for summary judgment and motion to dismiss ATS's appeal under ASBCA No. 63534 asserting that the Board lacks jurisdiction. DCMA also filed an unopposed motion to dismiss with prejudice the appeal of the government's claim under ASBCA No. 63535. This decision addresses the merits of both appeals including the jurisdictional and substantive issues raised by the parties in their respective motions.

DECISION

*Parties Contentions*:

In its motion for summary judgment, ATS characterizes DCMA's withdrawal of the final decision as an admission that ATS is entitled to a total fixed fee of $571,093.46 (app. mot. at 2). ATS relies upon on the contract clause language which states that fee payments shall be equal to 8% of the allowable cost of each invoice.

---

[4] Reference is to the Government's Opposition to Appellant's Motion for Summary Judgment and Cross Motion for Summary Judgment and Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on April 8, 2023.

[5] Reference is to the Government's Reply in Support of its Cross Motion for Summary Judgment and Motion to Dismiss filed on May 11, 2023.

ATS now seeks $49,423.89 including the unpaid invoice of $12,728.68 plus return of the $36,661.93 that ATS paid in response to DCMA's claim (app. reply at 5).

In its cross-motion for summary judgment and motion to dismiss ASBCA No. 63534, DCMA clarifies that the amount in dispute is only $12,728.68 as DCMA agreed to return the $36,661.93 that ATS paid for the government's claim (gov't mot. at 2). DCMA notes that the fee portion of ATS's claim is only $2,702.99 and argues that this claim is barred by the statute of limitations as untimely (gov't mot. at 10-13). DCMA asserts that the $10,025.69 remaining balance of ATS's voucher for overhead and G&A costs is not properly before the Board because ATS did not provide "adequate notice" of this issue in its claim (*id.* at 13-17). Finally, DCMA contends that fixed fee is the only issue before the Board and ATS is not entitled to additional fixed fee (gov't reply at 2). While not argued in its motions, DCMA has asserted that ATS is not entitled to a total fixed fee greater than the total fixed fee set forth in the Contract (answer ¶ 4(a)).

### *ASBCA No. 63535*

### *The government's claim under ASBCA No. 63535 is dismissed as moot.*

Because DCMA has withdrawn the decision asserting its claim, we will address ASBCA No. 63535 first. It is well established that when a contracting officer unequivocally rescinds a <u>government</u> claim, the government's action moots the appeal, leaving the Board without jurisdiction to entertain the appeal further. *Scot Cardillo dba Eng'rs Tooling Support*, ASBCA No. 62051, 22-1 BCA ¶ 38,153 at 185,297 (citing *Combat Support Assocs.*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288 at 176,974; *see also*, *Satterfield & Pontikes Constr., Inc.*, ASBCA Nos. 59980, 62301, 21-1 BCA ¶ 37,873 at 183,908). Here, the contracting officer withdrew the final decision asserting a government claim of $36,661.93 and stated that the government has "no intention of issuing another final decision demanding reimbursement" of the amount claimed (app. mot. at ex. 2). We find the rescission to be unequivocal. As a result, the government claim asserted under ASBCA No. 63535 is dismissed as moot.

### *ASBCA No. 63534*

The only issue remaining before the Board is ATS's claim under ASBCA No. 63534. While ATS's motion requests $49,423.89 for the $12,728.68 claim and return of the $36,661.93 that ATS paid, DCMA has agreed to re-pay the $36,661.93. That issue is no longer before the Board in light of the dismissal of ASBCA No. 63535. The balance of this decision addresses ATS's claim for $12,728.68 under ASBCA No. 63534.

*DCMA's withdrawal of the final decision does not divest the Board of jurisdiction over ATS's claim under ASBCA No. 63534.*

Contrary to DCMA's assertion, the contracting officer's rescission of her December 3, 2022 final decision does not divest the Board of jurisdiction over ATS's claim for $12,728.68. Under the Contract Disputes Act of 1978 (CDA), 41 USC § 601 *et seq.*, a claim is a "jurisdictional prerequisite" to further legal action. *Sharman Co. v. United States*, 2 F.3d 1564, 1568 (Fed. Cir. 1993). In October 2022, ATS submitted a claim seeking payment of its final voucher. On December 3, 2022, DCMA issued a decision which discussed the fee issue but did not fully address ATS's claim.[6] Rather, it asserted a claim against ATS for overpayment of the fixed fee. ATS timely appealed the final decision. After the Board docketed the appeals on February 17, 2023, the contracting officer issued a March 30, 2023 letter withdrawing her December 3, 2022 decision. This Board was vested with jurisdiction when ATS appealed the final decision. *Triad Microsystems, Inc.*, ASBCA No. 48763, 96-1 BCA ¶ 28,078 at 140,196. "Once the Board is vested with jurisdiction over a matter, the contracting officer cannot divest it of jurisdiction by his or her unilateral action." *Id.* Since ATS timely appealed the decision, we hold that the contracting officer's subsequent withdrawal of her decision does not divest us of jurisdiction. *See Holmes & Narver, Inc.*, ASBCA No. 51430, 99-1 BCA ¶ 30,131 at 149,055. Thus, withdrawal of the final decision has no bearing on our jurisdiction over ATS's claim.

*ATS's claim is not barred by the six-year statute of limitations.*

While DCMA argues that ATS's claim should be dismissed for lack of jurisdiction, the six-year limitations period in the Contract Disputes Act (CDA) is not jurisdictional. *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1320-22 (Fed. Cir. 2014) (applying *Sebelius v. Auburn Regional Med. Ctr.*, 133 S. Ct. 817 (2013)). This Board has consistently denied motions to dismiss for lack of jurisdiction that are based on the CDA limitations period. *See, e.g., Al Nawars Co.,* ASBCA Nos. 59043, 59044, 15-1 BCA ¶ 35,955 at 175,698; *Combat Support Assocs.*, ASBCA Nos. 58945, 58946, 15-1 BCA ¶ 35,923 at 175,590-91. The government may assert, as an affirmative defense, that the claim is time-barred but bears the burden of proof on the issue. *Kellogg Brown & Root Serv., Inc.*, ASBCA No. 58583, 16-1 BCA ¶ 36,233 at 176,771; *Alion Science and Tech. Corp.*, ASBCA No. 58992, 15-1 BCA ¶ 36,168 at 176,488-89. "[W]hether and when a CDA claim accrued is determined in accordance with the FAR, the conditions of the contract, and the facts of the particular case." *Kellogg Brown & Root Servs., Inc. v. Murphy*, 823 F.3d 622, 626 (Fed. Cir. 2016). The Federal Acquisition Regulation (FAR) defines claims accrual to mean

---

[6] While DCMA's December 3, 2022 decision indicated that ATS was not entitled to the full amount of the fixed fee that had been paid, the final decision did not address why the other costs in ATS's final voucher had been denied.

"when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known. For liability to be fixed, some injury must have occurred. However, monetary damages need not have been incurred." FAR 33.201; *Kellogg Brown*, 823 F.3d at 626. We evaluate claim accrual based on an objective standard because a claimant "does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012). "Only facts that could not reasonably be known by the claimant postpone claim accrual." *Herren Assocs., Inc.*, ASBCA No. 62706, 22-1 BCA ¶ 38,122 at 185,188.

Here, the events that gave rise to the claim were known or should have been known when DCMA rejected ATS's final voucher on April 28, 2022. Prior to that event, ATS had no reason to know that it would not receive the full amount requested in the voucher.[7] Thus, we hold that ATS's claim relating to its unpaid final voucher accrued April 28, 2022, and is not time-barred.

### *ATS's claim provided adequate notice that it included costs for overhead and G&A.*

DCMA asserts that the contracting officer had "no notice" that ATS's claim included overhead and G&A costs and ATS could have initiated a claim for such by writing to the contracting officer for a decision (gov't mot. at 15-16). We disagree.

The FAR defines "claim" as a written demand or assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. 48 C.F.R. § 52.233-1(c); *see Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1311 (Fed. Cir. 2011)("[T]he definition of the term 'claim' in the FAR governs[]" the use of that term in the Contract Disputes Act.). The FAR distinguishes claims from "routine request[s] for payment," like vouchers or invoices. 48 C.F.R. § 52.233-1(c). In *Scott Timber Co. v. United States*, the Court of Appeals for the Federal Circuit set forth a standard for distinguishing an extra-jurisdictional, new claim from an alternative legal basis for an existing claim. The Court held that our assessment "does not require ridged [*sic*] adherence to the exact language or structure of the original administrative CDA claim." 333 F.3d 1358, 1365 (Fed. Cir. 2003). Instead, "we are to apply a common sense analysis." *Northrop Grumman*, ASBCA No. 54774, 10-2 BCA ¶ 34,517 at 170,230; *see Ebasco Env't*, ASBCA No. 44547, 93-3 BCA ¶ 26,220 at 130,490 (citing *Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1579 (Fed. Cir. 1992)). The Court held that it "kn[e]w of no

---

[7] While DCMA rejected ATS's November 2017 submission of its voucher in June 2021, the rejection was due to a missing release and did not express a position regarding the costs sought in the final voucher (app. reply ex. 2 at 2-3).

requirement in the [CDA] that a 'claim' must be submitted in any particular form or use any particular wording," as long as "the contractor submit[ted] in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Scott Timber.*, 333 F.3d at 1365 (citing *Contract Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987)). Finally, "[i]n determining a claim's scope, we are not limited to the claim document but can examine the totality of the circumstances." *Dawson-Alamol JV, LLC*, ASBCA No. 60590, 19-1 BCA ¶ 37,357 at 181,645 (quoting *Sauer, Inc*., ASBCA No. 60366, 16-1 BCA ¶ 36,565 at 178,101).

Here, ATS's claim for $12,728.68 sought payment of its final voucher which had been rejected by DCMA. When DCMA rejected the final voucher in April 2022, the contracting officer identified only the fee as the reason for rejection (R4, tab 8 at 290). The entire claim was less than ten pages and included a three-page claim narrative and a copy of the unpaid final voucher. While the claim narrative does not discuss overhead or G&A, the voucher was attached to the claim and provided a breakdown of the amounts requested for overhead and G&A (R4, tab 10 at 303). On these facts, we hold that the voucher provided adequate notice that ATS's claim included costs for overhead and G&A.

## *DCMA's withdrawal of the final decision is not an admission of liability.*

ATS characterizes the contracting officer's withdrawal of her December 3, 2022 decision as an admission of liability. We disagree. Neither the contracting officer's December 3, 2022 decision nor its withdrawal directly addresses ATS's claim. The contracting officer's decision refers to ATS's October 4, 2022 claim as a "letter" and does not acknowledge it as a claim under the Contract Dispute Act or expressly deny it.[8] Rather, the contracting officer's decision talks past ATS's claim to assert a contrary government claim for overpayment of fixed fee. Additionally, the decision does not address the costs sought in ATS's final voucher for overhead and G&A which are listed in the voucher attached to the claim. Similarly, the contracting officer's withdrawal of her final decision references only the government's claim and the effect of withdrawal on the government's claim. It does not mention ATS's October 4, 2022 claim.

Thus, we hold that the government's withdrawal of its final decision applies only to the government's claim and is not an admission of liability.

---

[8] In the absence of a final decision, ATS could have filed its appeal as a deemed denial. *See Aetna Gov't Health Plans*, ASBCA No. 60207, 16-1 BCA ¶ 36,247 at 176,836.

*ATS's claim for additional fee of $2,702.99 is denied.*

While ATS asserts that it is entitled to a fee equal to 8% of the total allowable cost of the contract, ATS's application of the 8% is not consistent with a <u>fixed</u> fee or with the last sentence of the paragraph upon which it relies. We interpret the 8% to apply per invoice for the purpose of ensuring that fee is paid throughout the contract as invoices are submitted. We conclude that the total fee paid to ATS is limited by the part of the clause which states, "Total fee(s) paid to the Contractor shall not exceed the fee amount(s) set forth in this contract." The fixed fee amount set forth in the contract totalled $521,669.57. ATS has been paid fixed fee in excess of $521,669.57. Accordingly, ATS's claim for additional fee of $2,702.99 is denied.

*ATS's claim for $10,025.69 overhead and G&A is denied.*

While ATS's claim includes $10,025.69 in overhead and G&A costs that were billed in its final voucher, ATS fails to set forth any facts or argument to demonstrate that it is due the overhead and G&A costs claimed. We hold that ATS has failed to meet its burden as claimant to demonstrate entitlement to the overhead and G&A costs included in its claim.

## CONCLUSION

As to ASBCA No. 63534, the appeal is denied. As to ASBCA No. 63535, we dismiss the matter as moot.

Dated: June 22, 2023

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

8

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63534, 63535, Appeals of American Technical Services, Inc, rendered in conformance with the Board's Charter.

Dated:  June 22, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

9